USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 98-2369

 CITY OF BOSTON,

 Plaintiff, Appellee,

 v.

 MARITRANS CORPORATION; BOSTON TOWING
 & TRANSPORTATION COMPANY, INC., IN PERSONAM;
 MARITRANS OPERATING PARTNERS, L.P.,

 Defendants, Appellants.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Zachary R. Karol, U.S. Magistrate Judge]

 ____________________

 Before

 Torruella, Chief Judge,

 Campbell, Senior Circuit Judge,

 and Selya, Circuit Judge.

 _____________________

 Brian P. Flanagan and Arthur P. Skarmeas, with whom Flanagan
& Hunter, P.C., and Clinton & Muzyka, P.C. were on brief, for
appellants.
 Karen M. Coppa, Assistant Corporation Counsel, City of Boston
Law Department, for appellee.

 ____________________

 June 23, 1999
 ____________________ Per Curiam. Defendants-appellants Maritrans Operating
Partners, L.P., Maritrans Corporation, and Boston Towing and
Transportation Company, L.P. Inc. appeal the district court's entry
of judgment following a bench trial on plaintiff-appellee City of
Boston's admiralty action. The City alleged that a flotilla of
vessels owned by defendants negligently caused a barge in the
flotilla, the OCEAN STATES, to strike and damage the Chelsea Street
Bridge while passing through a narrow area of Boston Harbor. The
district court found defendants' conduct to be negligent and to be
a proximate cause of the damages to the bridge, but not the sole
proximate cause. Because the district court found that the City's
failure to maintain a fendering system on the damaged side of the
bridge was also a proximate cause of the damages, the district
court apportioned the damages between the City and defendants. 
Finding defendants to be 40% responsible, the district court
entered judgment against defendants in the amount of $35,121, which
constitutes 40% of the total damages of $87,802. Defendants
appeal.
 We affirm the judgment on the basis of the district
court's November 2, 1998 Order outlining its findings of fact and
conclusions of law. We pause only to add the following.
 Appellants challenge the district court's findings that
appellants were negligent and that their negligence was a proximate
cause of the damages claimed. District court determinations of
negligence and proximate cause are reviewed for clear error. See
Clement v. United States, 980 F.2d 48, 53 (1st Cir. 1992); Goudy &
Stevens, Inc. v. Cable Marine, Inc., 924 F.2d 16, 19 (1st Cir.
1991).
 The district court's finding that appellants were
negligent is not clearly erroneous. The undisputed evidence was
that the two tugs were preparing to guide the barge through the
draw span and had properly lined up the barge to enter the span
when one of the tugs, the VINCENT TIBBETTS, Jr. ("TIBBETTS"),
unexpectedly turned sharply to starboard. The barge then hit the
Chelsea side of the bridge and ricocheted back to strike the East
Boston side of the bridge with such force that it shook the draw
tender's house for the first time in the draw tender's tenure. In
a statement to the Coast Guard, Tug Mate Patrick Michaud, who was
aboard the barge when it struck the bridge, blamed the collision on
"excessive steering by the [TIBBETTS]." The captain of the other
tug, who was in command of the entire flotilla, stated that he had
never seen such a sudden and unordered course change. The City's
expert, Captain David Gray, testified that the exercise of judgment
aboard the TIBBETTS was negligent and that it was negligent of the
flotilla to fail to properly direct the TIBBETTS. Faced with this
evidence, appellants offered no explanation as to why the TIBBETTS
turned sharply to starboard. In fact, as the district court noted,
the captain of the TIBBETTS does not even acknowledge that the turn
occurred. In light of this evidence of the negligence of the
TIBBETTS' course change, and in light of the absence of any
explanation for it, the district court's finding that the course
change was negligent can hardly be described as clearly erroneous.
 Nor were the district court's findings of proximate cause
clearly erroneous. The court found appellants' negligence to be a
proximate cause of the damages, but also found the City's failure
to maintain a fendering system to be a second proximate cause. 
Citing Exxon Co. v. Sofec, Inc., 517 U.S. 830, 837 (1996),
appellants argue that the City's actions constituted a superseding
cause that broke the causal connection between the injury and
appellants' actions. We disagree. "'The doctrine of superseding
cause is . . . applied where the defendant's negligence in fact
substantially contributed to the plaintiff's injury, but the injury
was actually brought about by a later cause of independent origin
that was not foreseeable.'" Exxon, 517 U.S. at 837 (quoting 1 T.
Schoenbaum, Admiralty and Maritime Law, 5-3, pp. 165-166 (2d ed.
1994)). It cannot be said that the injury here was "actually
brought about" by a later action of the City. The damages to the
bridge were "brought about" by the unexpected sharp turn of the
TIBBETTS. Appellants' negligence sent the barge careening into the
bridge, and the City's failure to maintain a fendering system was
not the type of independent, unforeseeable act that would break the
chain of causation. Appellants cite Exxon's statement that
"'[s]omewhere a point will be reached when courts will agree that
the link [between the defendants' actions and the injury] has
become too tenuous -- that what is claimed to be consequence is
only fortuity.'" See id. at 838 (quoting Petition of Kinsman
Transit Co., 338 F.2d 708, 725 (2d Cir. 1964)). We agree with the
district court that we have not reached that point in this case. 
Therefore, the district court properly considered appellants'
negligence as one of the proximate causes of the injury when it
apportioned the damages. See United States v. Reliable Transfer
Co., 421 U.S. 397, 411 (1975) ("We hold that when two or more
parties have contributed by their fault to cause property damage in
a maritime collision . . . liability for such damage is to be
allocated among the parties proportionately to the comparative
degree of their fault.").
 For the foregoing reasons, the judgment of the district
court is AFFIRMED.